UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-82102-CIV-MATTHEWMAN

HYUNDAI MOTOR AMERICA
CORPORATION,

    Plaintiffs,

vs.

EFN WEST PALM MOTOR SALES,
LLC, *et al.*,

    Defendants.
_____/



## ORDER DENYING MOTION TO DISMISS THIRD-PARTY DEFENDANT JOSÉ MUÑOZ FOR LACK OF PERSONAL JURISDICTION [DE 225]

THIS CAUSE is before the Court upon the Motion to Dismiss Third-Party Defendant José Muñoz ("Mr. Muñoz") for Lack of Personal Jurisdiction ("Motion") [DE 225]. The Motion is fully briefed and ripe for review. *See* DEs 229, 234. The Court has carefully considered the Motion, the response, and the reply and is otherwise fully advised in the premises.

On August 23, 2021, EFN West Palm Motor Sales, LLC ("EFN") filed a Counterclaim/Third-Party Complaint against Hyundai Motor America Corporation, Hyundai Motor Company, and Mr. Muñoz. [DE 191]. On October 5, 2021, Mr. Muñoz filed an Answer and Affirmative Defenses to EFN's Third-Party Complaint. [DE 218]. As his second affirmative defense, he asserted, "[t]his Court lacks personal jurisdiction over Mr. Muñoz because: (1) Mr. Muñoz is not domiciled in Florida; (2) the claims against Mr. Muñoz did not arise out of any contacts with the State of Florida; and (3) Mr. Muñoz does not have sufficient minimum contacts

with the State of Florida." *Id.* at 26-27. Thereafter, almost one month later, on November 3, 2021, Mr. Muñoz filed the Motion to Dismiss for Lack of Personal Jurisdiction [DE 225].

In EFN's response to the Motion, it preliminarily argues that the Motion is untimely because Mr. Muñoz "already filed a responsive pleading, and he is therefore precluded from now switching lanes to move for dismissal. Under Eleventh Circuit precedent, the Court must summarily deny the Motion without reaching any of its substantive arguments." [DE 229 at 8]. Mr. Muñoz asserts in his reply that he has not waived his lack of personal jurisdiction defense and that "the 11th Circuit's guidance on whether a 12(b) motion that is filed after an answer is timely has been inconsistent." [DE 234 at 9]. He further argues that,

> In the presence of such inconsistent case law, practicalities and judicial efficiency should control. Mr. Muñoz raised his personal jurisdiction defense in his Answer, and he moved to dismiss 29 days later. The defense has been preserved (EFN does not contend otherwise), the issue is ripe for adjudication on the merits, and EFN will not be prejudiced in any way if the Court rules now. On the other hand, Mr. Muñoz will be forced to expend time and resources litigating the case to then only reraise this issue at summary judgment. This would inefficient and would not serve anybody's interest. For this reason, whether considered as a Rule 12(b) motion or a Rule 12(i) motion, the issue should be resolved at this early stage.

*Id.* at 11.

Federal Rule of Civil Procedure 12(b) states that a party may assert the defense of lack of personal jurisdiction by motion. However, it requires that a motion asserting the defense of lack of personal jurisdiction "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Pursuant to Federal Rule of Civil Procedure 12(h), certain defenses under Rule 12(b) are waived if they are not asserted before pleading if a responsive pleading is required. *See* Fed. R. Civ. P. 12(h). Included in these waived defenses is the defense available under Rule 12(b)(2)—lack of personal jurisdiction. "Thus, under the unambiguous language of Rule 12(b), a motion to dismiss based on the defenses listed in Rule 12(b) must be made before an answer is

filed." *Neelu Aviation, LLC v. Boca Aircraft Maint., LLC*, No. 18-CV-81445, 2019 WL 4345685, at *2 (S.D. Fla. Sept. 12, 2019) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002)); *see also Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989) ("Once the defendant[ ] filed [its] answer, it became procedurally impossible for the Court to rule on the motion to dismiss."). The Eleventh Circuit Court of Appeals has held that

> Pleadings must conform to the Federal Rules of Civil Procedure ... because a responsive pleading—an answer—had been filed, under the plain language of Rule 12(b), a motion to dismiss [is] inappropriate. Rule 12(b) provides that all defenses must be asserted either (1) in a responsive pleading, or (2) by motion under Rule 12(b) before interposing a responsive pleading if one is due.

*Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002). Thus, because Mr. Muñoz filed an Answer on October 5, 2021, he has waived the ability to seek dismissal pursuant to Rule 12(b) subsections (2) through (5). *See* Fed. R. Civ. P. 12(h).

In his Motion, Mr. Muñoz cites *Hines v. Nazaire*, No. 17-10093, 2019 WL 3010284, at *1 (11th Cir. Mar. 27, 2019), to support his position that the Motion should not be denied as untimely. However, in *Hines*, the answer and motion to dismiss were docketed on the same day, even though the answer was docketed first. Moreover, *Hines* is not a reported case. Mr. Muñoz also cites to *Dawson v. Bruce Teleky, Inc.*, No. 6:18-CV-1908-ORL-37-LRH, 2019 WL 13066868, at *3 (M.D. Fla. Nov. 19, 2019), but that case deals with whether a delay in moving to dismiss supports a finding of an implicit waiver of personal jurisdiction. This is irrelevant to the issue of whether a party waives his ability to file a motion to dismiss for lack of personal jurisdiction by first filing an answer.

Mr. Muñoz also requests that this Court consider the Motion under Rule 12(i). When a challenge is raised to personal jurisdiction in a Rule 12(b)(2) motion to dismiss, "the district court must hear and decide the issue 'before trial unless the court orders a deferral until trial.'" *AcryliCon*

*USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021) (quoting Fed. R. Civ. P. 12(i)).

Pursuant to Rule 12(i),

> a district court possesses discretion to proceed in one of two ways when evaluating a Rule 12(b)(2) motion to dismiss: (1) the court may immediately conduct an evidentiary pre-trial hearing during which the plaintiff must meet a preponderance-of-the-evidence standard to establish personal jurisdiction; or (2) the court may defer imposing a preponderance-of-the-evidence standard until trial.

*Boxy, LLC v. Jay at Play Int'l Hong Kong, LTD*, No. 20-80893-CIV, 2021 WL 1226388, at *5 (S.D. Fla. Mar. 31, 2021) (citing *AcryliCon USA, LLC*, 985 F.3d at 1364). Here, since Mr. Muñoz cannot properly bring a motion under Rule 12(b)(2), he also cannot properly bring a motion under Rule 12(i).

Mr. Muñoz has clearly preserved lack of personal jurisdiction as an affirmative defense. Thus, Mr. Muñoz is free to file a motion still available to him, such as a motion for summary judgment, which raises his personal jurisdiction defense. The Court anticipates that further discovery will enable the parties to provide the Court with a complete record on which to determine Mr. Muñoz's lack of personal jurisdiction defense.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss Third-Party Defendant José Muñoz for Lack of Personal Jurisdiction [DE 225] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of December 2021.

*[signature: William Matthewman]*
WILLIAM MATTHEWMAN
United States Magistrate Judge