UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-82102-Civ-MATTHEWMAN

HYUNDAI MOTOR AMERICA
CORPORATION,

    Plaintiff,

vs.

EFN WEST PALM MOTOR SALES, LLC,

    Defendants.
_____/

FILED BY KJZ D.C.

Aug 15, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING HMA'S EXPEDITED MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL EXPERT REPORT OF JIM SMITH, P.E. [DE 316]

THIS CAUSE is before the Court upon Plaintiff, Hyundai Motor America Corporation's ("HMA") Motion for Leave to Submit Supplemental Expert Report of Jim Smith, P.E. [DE 316]. Defendant EFN West Palm Motor Sales, LLC ("EFN") has filed a response [DE 321], and HMA has filed a reply [DE 322]. The Court heard oral argument on the Motion on August 11, 2022.

### I.    Background

HMA is seeking an expedited order permitting it to submit the supplemental report from Jim Smith, P.E. [DE 316 at 2]. HMA argues that EFN will not be prejudiced given the pretrial deadlines in this case and since Smith would be made available for a deposition on the opinions contained in the supplemental report. *Id.* at 2. HMA points out that, on March 11, 2022, it submitted a very similar report in the case of *EFN West Palm Motor Sales, LLC d/b/a Napleton's West Palm Beach Hyundai, et al., v. Hyundai Motor America Corporation*, Case No. 21-80348-CIV-Cannon/Matthewman (the "Termination Case"), so EFN "has been in possession of the majority of this report, and the underlying facts and data, for several months." *Id.* at 3. HMA

1

"acknowledges Mr. Smith's supplemental report includes opinions and information that provide further evidence in support of its fraud claims against the Defendants," but points out that "the supplement also responds to a defense strategy, an affirmative defense, and counterclaims/third-party claims that were not in the case at the time Mr. Smith's initial report was offered." *Id.* at 4. More specifically, HMA contends that the supplemental report responds to EFN's "contention that HMA has no evidence to support its fraud claims but instead brought them out of animosity for the Napleton organization." *Id.*

In response, EFN first asserts that the scope of the supplemental report is extensive and involves new appendices and changes to 70 pages of the original report as well as to one of the appendices. [DE 321 at 6]. EFN next argues that the "new data, topics, and analyses in the Proposed Supplemental Report were all available to HMA many months ago—and certainly by August 2021." [DE 321 at 6–7]. EFN also contends that HMA clearly should have sought permission to supplement Smith's report on March 11, 2022, when it submitted the supplemental report in the Termination Case. *Id.* at 9. According to EFN, HMA simply cannot establish good cause for seeking to the relief sought in the Motion at this juncture, and also supplementation is improper when Smith had access to all necessary information so long ago. *Id.* at 9–10. EFN points out that the Scheduling Order in this case [DE 233] focuses solely on EFN's Counterclaims and Third Party Claims. *Id.* at 10. EFN argues that it is irrelevant that a similar supplemental report exists in the related Termination Case. *Id.* at 13. Additionally, EFN maintains that "[t]here is nothing 'new' about Defendants' position that HMA's warranty fraud lawsuit was motivated by Hyundai's desire to destroy the Napleton organization and its dealerships. It is no secret that Defendants have long held this view." *Id.* at 15. Finally, EFN asserts that it would suffer "significant prejudice" if the Motion is granted because EFN would be required to take "extensive investigatory steps," re-

depose Smith, have its expert draft and serve a responding supplemental report, defend EFN's expert during any re-deposition, add a rebuttal expert, and likely to engage in new *Daubert* practice. *Id.* at 15, 17.

In reply, HMA describes the procedural history of the case and argues that EFN cannot establish any prejudice. [DE 322 at 4]. HMA next asserts that "insofar as some of the underlying information [discussed in the supplemental report] was technically available, its significance and relevance were not apparent or understood." *Id.* at 4–5. According to HMA, "[i]f all the work Defendants now claim Mr. Smith's report will generate were truly necessary, EFN already would have done it (or already is doing it)." *Id.* at 5. HMA contends that the "only portion not contained in the March report is an additional analysis of the same statistical data produced at that time. Defendants mislead the Court by arguing this analysis is an all-new, never before raised damage theory. Instead, it is factual support for the damage theory HMA explained in a deposition, in discovery responses, and multiple briefs (including this motion, citing case law)." *Id.* at 6.

## II.  Applicable Law

Federal Rule of Civil Procedure 26(a) requires experts to disclose a written report containing "a complete statement of all opinions [they] will express and the basis and reasons for them." Fed. R. Civ. P 26(a)(2)(B)(i). Under Federal Rule of Civil Procedure 26(e), parties must supplement an expert's report "in a timely manner if the party learns that in some material aspect the disclosure or response is incomplete or incorrect" and the additional or corrective information must "not otherwise been made known to the other parties during the discovery process or in writing[.]"

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of

Rule 26 is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted). Federal Rule of Civil Procedure 37(c)(1) instructs that where "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or harmless." *See, e.g.*, *Potish v. R.J. Reynolds Tobacco Co.*, 15-cv-81171, 2017 WL 5952892, at *2–4 (S.D. Fla. Nov. 30, 2017); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 09-cv-60351, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010).

Courts have broad discretion to exclude untimely-disclosed expert reports, even ones designated as "supplemental" reports. *Id.*; *see also, e.g.*, *Cook v. Royal Caribbean Cruises*, No. 11-cv-20732, 2012 WL 2319089 (S.D. Fla. June 15, 2012); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 07-cv-0947, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009). The purpose of the rules governing expert disclosure is to safeguard against surprise. *United States v. Marder*, 318 F.R.D. 186, 192 (S.D. Fla. 2016); *Apple Inc. v. Corellium, LLC*, No. 19-81160-CV, 2021 WL 2940264, at *2 (S.D. Fla. July 13, 2021).

### III.   Analysis

HMA's counsel argued at the August 11, 2022 hearing that HMA believed that it was free to submit and/or supplement expert reports until August 26, 2022, pursuant to this Court's June 28, 2022 Order [DE 305], but that it filed its Motion in an abundance of caution. According to HMA's counsel, at the time that Smith was supplementing his expert report, certain counterclaims remained pending. However, the counterclaims were later dismissed. HMA's counsel argued that the supplemental report is still relevant to the unclean hands affirmative defense and EFN's claims.

The Court has carefully reviewed the record. Here, the Court does not view the Motion as truly seeking to supplement an expert report under Federal Rule of Civil Procedure 26(e). That is

because the current procedural posture is as follows, and the new version of the report is not technically untimely.

The Court's Amended Order Setting Jury Trial and Pretrial Scheduling Order ("Amended Order") [DE 233], explicitly pertained only to the Counterclaims and Third Party Claims and did not extend United States District Judge Donald M. Middlebrooks' deadlines as they pertained to the claims in HMA's complaint. In fact, the Undersigned included in the Amended Order a footnote which stated, "[i]n the event HMA wishes to take additional discovery on the HMA Claims, the Parties shall first meet and confer in accordance with the Court's discovery procedures and, if no agreement can be reached, HMA will file a motion for permission to conduct discovery." [DE 233 at 3 n.3]. Since the entry of the Amended Order, the Undersigned has also extended certain deadlines upon the request of the parties. *See* DEs 275, 305.

On June 7, 2022, HMA filed a Motion for Judgment on the Pleadings [DE 294], which pertained to Counts 1-3 of the Counterclaim. Smith's new (or supplemental) report was finalized on June 27, 2022. HMA's Motion for Leave to Submit Supplemental Expert Report of Jim Smith, P.E. [DE 316] was filed on July 7, 2022. Also, on July 7, 2022, the parties submitted a Proposed Agreed Order [DE 315], and the Court entered an Order on HMA's Motion for Judgment of the Pleadings as to Counts 1-3 of the Counterclaim and on EFN's Cross-Motion for Leave to Withdraw Certain Counterclaim and File an Amended Pleading [DE 317].

Thus, during the time period when Smith was updating his expert report, it was reasonable for HMA to think that the August 26, 2022 expert deadline would apply. The landscape of the case did not actually change until July 7, 2022. Thus, Federal Rule of Civil Procedure 6(b) does not apply here, and really neither does Rule 26(e). To deny HMA's Motion would be unfair and would not serve the interests of justice. Moreover, the June 2022 report is relevant to HMA's unclean

hands affirmative defense, and the parties have agreed that the dismissal of Counts 1–3 of the Counterclaim would not operate as a basis to preclude this unclean hands defense. [DE 317 at 2]. Thus, the June 2022 report is not untimely under the Undersigned's scheduling order.[1]

Based on the foregoing, the Court **ORDERS** that HMA's Motion for Leave to Submit Supplemental Expert Report of Jim Smith, P.E. [DE 316] is **GRANTED**.

**ORDERED and ADJUDGED** in chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of August 2022.

_William Matthewman_
WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] The Court also notes that a similar version of Smith's June 2022 report was filed in March 2022 in the related Termination Case. This is relevant because EFN is a party in both cases, and EFN has hired the same expert in both cases. Moreover, the parties are scheduled to depose Smith on August 17, 2022, in the Termination Case and to depose EFN's expert approximately one week later. While EFN shall be permitted to re-depose Smith and its own expert in this case as well, EFN does have institutional knowledge of Smith's updated findings and should be able to quickly begin the process of preparing its expert(s) to rebut the June 2022 report. There is simply no prejudice here to EFN.