UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-82102-MATTHEWMAN

HYUNDAI MOTOR AMERICA
CORPORATION,

    Plaintiff,

vs.

EFN WEST PALM MOTOR SALES, LLC, *et al.*,

    Defendants.
_____/

FILED BY KJZ D.C.
Nov 15, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' OMNIBUS PRETRIAL MOTION [DE 351]

THIS CAUSE is before the Court upon Defendants, EFN West Palm Motor Sales, LLC d/b/a Napleton's West Palm Beach Hyundai, Edward W. Napleton, Gene Khaytin, Ernie Revuelta, Jorge Ruiz, and Geovanny Pelayo's (collectively, "Defendants") Omnibus Pretrial Motion ("Motion") [DE 351]. Plaintiff, Hyundai Motor America Corporation ("HMA") has filed a response to the Motion [DE 385], and Defendants filed a reply [DE 401]. The Motion is now ripe for the Court's review.

Defendants are moving for an order "(1) precluding [HMA] from referencing, arguing, soliciting testimony or offering evidence on allegations of sexual assault and harassment that are unrelated to the claims in the Complaint; (2) excluding evidence and testimony from Mark Eddleman, a non-party witness, that constitutes double-hearsay; and (3) confirming that HMA, not Defendants, has the burden of proof in connection with proving fraud and damages." [DE 351 at 1].

1

### I. Relevant Law

The Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984). Motions *in limine* are generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, No. 17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421, at *1 (M.D. Fla. 2014)). Motions *in limine* are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *United States v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *see also Contreras v. Aventura Limousine & Transp. Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."); *accord Apple, Inc. v. Corellium, LLC*, No. 19-cv-81160-Smith/Matthewman, 2021 WL 2712131 (S.D. Fla. July 1, 2021).

### II. Analysis

#### a. Allegations of Sexual Assault and Harassment

After this Motion was filed, the parties filed a Joint Stipulation Regarding Certain Arguments and Evidence to Be Precluded at Trial, in Lieu of Motions in Limine [DE 355], which was then adopted and approved by the Court. [DE 360]. The parties agreed in that Joint Stipulation

that no party shall seek to offer any argument or evidence concerning "[a]ny alleged instances of sexual harassment or sexually inappropriate conduct at HMA or within the Hyundai organization"; "[a]ny alleged instances of sexual harassment or sexually inappropriate conduct at EFN or within the Napleton organization"; "[t]he allegations and circumstances relating to the alleged August 8, 2018 act of sexual battery to which Edward W. Napleton entered into a Plea Agreement and any allegations by Mark Eddleman concerning those allegations, or concerning Edward W. Napleton related to those allegations"; and "[a]ny claims against Gene Khaytin relating to claims of sexual harassment." [DE 355 at 2]. Thus, it appears that this issue has been resolved between the parties.

Moreover, HMA did not make any argument about this issue in its response, thus waiving any such argument. Regardless, testimony or evidence on allegations of sexual assault and harassment that is unrelated to the claims in the Second Amended Complaint is not relevant pursuant to Federal Rule of Evidence 401 and 402 and should also be excluded under Federal Rule of Evidence 403 as its probative value, if any, is substantially outweighed by the danger of unfair prejudice to Defendants, confusing the issues, misleading the jury, undue delay and wasting time. Thus, the Motion is GRANTED as to this issue.[1]

### b. Evidence and Testimony from Mark Eddleman

Defendants argue that much of Mark Eddleman's testimony at trial will be impermissible double hearsay as he is going to testify that Robb Minier "told him about statements that Defendant Revuelta allegedly made." [DE 351 at 3]. According to Defendants, "[b]ecause Eddelman lacks firsthand knowledge of any purported warranty fraud 'admission,' the testimony is inadmissible

---

[1] HMA may still seek Court approval outside the presence of the jury to raise this issue if the door is opened by Defendants as to this specific issue. It is possible that a party, counsel or witness may open the door to certain testimony or evidence, and that the Court may revisit its decisions on proper motion or objection.

double hearsay." *Id.* In response, HMA asserts that the Motion does not actually identify any double hearsay. [DE 385 at 2]. HMA also contends that Eddleman does have "firsthand knowledge of Defendants' fraud scheme." *Id.* at 3. HMA ensures that it "does not intend to offer inadmissible testimony from Mr. Eddleman or from any other witness." *Id.* at 5. In reply, Defendants restate their arguments from their Motion, maintain that "Eddleman has zero firsthand knowledge of warranty fraud," and explain that "[i]f HMA wants to introduce evidence about the conversations between Defendant Revuelta and Minier, it can question them directly." [DE 401 at 2–3].

Upon careful review of the relevant case law, the Motion, the response and reply, and the entire record in this case, the Court finds it appropriate to DENY the Motion as to Mr. Eddleman's evidence and testimony. This denial is without prejudice to Defendants' ability to timely assert any proper objections during trial. If any such objection is made at trial, the Court will rule on the issue at that time. The Court cannot rule on this issue in a vacuum prior to trial and can only determine this issue in the crucible of trial. The admission of Mr. Eddleman's testimony at trial is a nuanced issue which will be decided under the Federal Rules of Evidence and based upon the questions asked, the contemporaneous objections made, if any, and the other testimony or evidence admitted at the trial. For example, the issue of the extent of Mr. Eddleman's permissible testimony may also be impacted by whether or not Mr. Revuelta or Mr. Minier testify at trial.

### c. Burden of Proof

Defendants argue that "HMA should be precluded from asserting that warranty fraud should be presumed until disproved by Defendants." [DE 351 at 17]. Defendants also assert that "there can be no presumption of fraud as a matter of law, and therefore any evidence or argument seeking to establish one is improper and should not be permitted at trial." *Id.* at 10. In response, HMA states that it "does not disagree that it has the burden of proving warranty fraud, and

4

Defendants know that." [DE 385 at 5]. HMA claims that it is taking a "noncontroversial position that the jury can make a reasonable estimate of the extent of warranty fraud so long as HMA carries its burden of (a) proving warranty fraud occurred and (b) of providing the jury with relevant evidence upon which such a reasonable estimate can be based." *Id.* According to HMA, its actual position is that it "has the burden of proving fraud and providing evidence upon which a reasonable estimate of the extent of fraud can be based." *Id.* at 6. In reply, Defendants argues that since the Motion is now uncontested, it should be granted. [DE 401 at 4].

Upon careful review of the relevant case law, the Motion, response and reply, and the entire record in this case, it appears clear to the Court that the parties are not actually in disagreement regarding the burden of proof. The Court hereby confirms that HMA, and not Defendants, have the burden of proving fraud and damages on its claims. Additionally, HMA has, at this point, explicitly stated that it is not pursuing the equitable remedy of disgorgement or any other remedy that would involve burden-shifting and will be held to that representation. The Motion is DENIED on this issue because the Motion is moot. The parties shall confer in good faith and clearly address the burden of proof issue in their proposed jury instructions.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Defendants' Omnibus Pretrial Motion [DE 351] is **GRANTED IN PART AND DENIED IN PART, as stated herein.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of November, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge