UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-82102-MATTHEWMAN

HYUNDAI MOTOR AMERICA
CORPORATION,

    Plaintiff,

vs.

EFN WEST PALM MOTOR SALES, LLC, *et al.*,

    Defendants.
_____/

FILED BY KJZ D.C.
Nov 15, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART HMA'S OMNIBUS MOTION IN LIMINE [DE 353]

THIS CAUSE is before the Court upon Plaintiff, Hyundai Motor America Corporation's ("HMA") Omnibus Motion *in Limine* to Preclude Argument and Evidence Concerning Alleged HMA Misconduct in Connection with Theta II Engine Issues and Recalls, Including Argument and Evidence Concerning Third-Party Actions, Investigations, and Settlements Against HMA and Its Affiliates ("Motion") [DE 353]. Defendants, EFN West Palm Motor Sales, LLC d/b/a Napleton's West Palm Beach Hyundai, Edward W. Napleton, Gene Khaytin, Ernie Revuelta, Jorge Ruiz, and Geovanny Pelayo (collectively, "Defendants"), have filed a response to the Motion [DE 384], and HMA filed a reply [DE 403]. The Motion is now ripe for the Court's review.

HMA is moving for an order precluding "argument and evidence concerning alleged misconduct by HMA and its affiliates in connection with Theta II engine issues and recalls, including argument and evidence concerning third-party allegations, actions, and investigations against and settlements with HMA and its affiliates." [DE 353 at 1]. HMA then delineates the

1

specific categories of evidence and argument is seeks to exclude. *Id.* at 1–2.[1] HMA generally argues that the third-party recall evidence is irrelevant, the third-party claims and allegations against HMA and its affiliates are inadmissible hearsay, and evidence concerning the consent decree and HMA's class action settlements is inadmissible compromise evidence. *Id.* at 4–8.

In response, Defendants assert that the context of the Theta II recalls and this lawsuit are central to the jury's understanding of the issues at trial—and are specifically important with regard to Defendants' denial of HMA's fraud claim and Defendants' affirmative defense of unclean hands, and because HMA's diagnostic tests for determining whether a Theta II engine was defective were themselves defective. [DE 384 at 1–2].

In reply, HMA explains that the Court's Order Granting in Part and Denying in Part HMA's Motion to Strike the Expert Report and Exclude Trial Testimony of Mark Swanson [DE 399] (the "Swanson Order") "has now mooted some of its initial arguments with respect to certain categories of evidence it sought to preclude in the Motion." [DE 403 at 2].

## I.   Relevant Law

The Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984). Motions *in*

---

[1] These categories, discussed in more detail below, are as follows: (1) "[c]lass action lawsuits against and settlements with Hyundai and Kia concerning alleged Theta II GDI engine issues"; (2) "Defendants' position that Hyundai was 'negligent' and/or that Hyundai made 'false NHTSA submissions and false and misleading statements to customers and dealers about the Theta II engine and the Theta II engine recalls,' as previously alleged by Plaintiffs"; (3) "NHTSA investigation of Hyundai and Kia concerning engine recalls"; (4) "Center for Auto Safety (CAS) petition to NHTSA to investigate fires with respect to certain Hyundai and Kia vehicles"; (5) "[t]he Consent Order HMA entered into to resolve the NHTSA investigation, In re: Hyundai Motor America, Inc., RQ17-004, NHTSA Recall Nos. 15V-568, 17V-226 (U.S. Dep't of Transp., Nat'l Highway Traffic Safety Admin. Nov 23, 2020.)"; (6) "[f]ire issues, injuries, and casualties allegedly caused by Theta II engine defects, including but not limited to the 2018 congressional hearing of the Senate Committee on Commerce, Science and Transportation concerning the same"; (7) "[w]histleblower complaint of Kim Gwang-ho, Hyundai quality control manager, and related allegations concerning Theta II engines; and (8) "[a]ny other purportedly unlawful, negligent, or dishonest conduct or statements of Hyundai or HMA in connection with Theta II engine issues and any investigations or legal actions or proceedings concerning the same." [DE 353 at 1–2].

2

*limine* are generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, No. 17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421, at *1 (M.D. Fla. 2014)). Motions *in limine* are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *United States v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *see also Contreras v. Aventura Limousine & Transp. Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."); *accord Apple, Inc. v. Corellium, LLC*, No. 19-cv-81160-Smith/Matthewman, 2021 WL 2712131 (S.D. Fla. July 1, 2021).

## II.   Analysis

The Court has carefully reviewed the Motion, response, and reply, the relevant case law, and the entire docket in this case.

### a.   Class Action Lawsuits Against and Settlements with Hyundai and Kia Concerning Alleged Theta II GDI Engine Issues

The class action lawsuits against, and settlements with, Hyundai and Kia concerning alleged Theta II GDI engine issues are not relevant pursuant to FRE 401 and 402. Even if such evidence is marginally relevant, it would be substantially more unfairly prejudicial to HMA than

3

probative under Federal Rule of Evidence 403, and would confuse the issues, mislead the jury, cause undue delay, and waste time. Additionally, this ruling is consistent with the Court's ruling in the Swanson Order [DE 399 at 10]. Thus, the Motion is GRANTED as to this issue.[2]

    b. <u>Defendants' Position that Hyundai Was "Negligent" and/or that Hyundai Made "False NHTSA Submissions and False and Misleading Statements to Customers and Dealers about the Theta II Engine and the Theta II Engine Recalls"</u>

Here, HMA seeks exclusion of three separate areas of evidence or information and seeks a determination as to whether Defendants can argue that a) HMA was "negligent"; b) HMA made false NHTSA submissions; or c) HMA made false and misleading statements to customers and dealers about the Theta II engine recalls. The Court rules as follows.

As there are no claims of negligence pending in this lawsuit, the Court shall exclude any argument or evidence which supports Defendants' position that HMA was negligent in its dealings with NHTSA and grant the Motion as to that issue. Such evidence or argument is not relevant under FRE 401 and 402, and must additionally be excluded under FRE 403 as it is substantially more unfairly prejudicial than probative, would confuse the issues, mislead the jury, cause undue delay, and waste time. Additionally, this ruling is consistent with the Court's ruling in the Swanson Order [DE 399 at 9–10]. Thus, the Motion is GRANTED as to this issue, subject to being revisited at trial outside the presence of the jury if Defendants have a good faith argument based on the progress of the trial or the other evidence or testimony presented.

Evidence or argument regarding HMA's false NHTSA submissions shall be excluded, and the Motion is granted as to that issue. Such evidence or argument is not relevant under FRE 401

---

[2] HMA may still seek Court approval to raise these issues if the door is opened by Defendants as to this specific issue. It is possible that a party, counsel or witness may open the door to certain testimony or evidence, and that the Court may revisit its decisions on proper motion or objection.

and 402 must additionally be excluded under FRE 403 on the same bases as stated above. Thus, the Motion is GRANTED as to this issue

Finally, evidence or argument regarding HMA's false and misleading statements to **dealers** about the Theta II engine recalls is arguably relevant under FRE 401 and 402, especially as it relates to the dealer at issue in this lawsuit. The Court will reserve ruling on the admissibility of such evidence or argument until the crucible of trial. However, the Court finds that evidence or argument regarding HMA's false and misleading statements to **customers** about the Theta II engine recalls is not relevant in this lawsuit pursuant to FRE 401 and 402, and must also be excluded under FRE 403 as it is substantially more unfairly prejudicial than probative, would confuse the issues, mislead the jury, cause undue delay, and waste time. Additionally, this ruling is consistent with the Court's ruling in the Swanson Order [DE 399 at 9–10]. Thus, the Motion is GRANTED IN PART AND DENIED IN PART as to this issue.

    c. <u>NHTSA Investigation of Hyundai and Kia Concerning Engine Recalls</u>

The Court finds that the NHTSA investigation of **Hyundai** is relevant and admissible. Thus, the Court will DENY the Motion on this issue. However, since Kia is not a party to this lawsuit, the Court finds that the NHTSA investigation of **Kia** is not relevant under FRE 401 and 402, and also must be excluded under FRE 403 on the bases stated above. Thus, the Motion is GRANTED as to this issue. These rulings are consistent with the Court's ruling in the Swanson Order [DE 399 at 9–10].

    d. <u>Center for Auto Safety Petition to NHTSA to Investigate Fires with Respect to Certain Hyundai and Kia Vehicles</u>

The Court finds that the CAS Petition to NHTSA is not relevant under FRE 401 and 402, and also must be excluded under FRE 403 on the same bases as stated above. CAS is not a party,

and such evidence will only serve to confuse the jury, waste time, and unfairly prejudice HMA. Thus, the Motion is GRANTED as to this issue.

    e.  <u>2020 Consent Order HMA Entered into to Resolve the NHTSA Investigation</u>

The Court finds that the Consent Order HMA entered into to resolve the NHTSA investigation is relevant and admissible. It provides the necessary context and background for this lawsuit so that the jury can properly consider the pending claims and defenses. The Court finds that the NHTSA investigation is inextricably intertwined with the pending claims and defenses, and provides the jury with the necessary context to make its decisions. This finding is also consistent with the Court's ruling in the Swanson Order [DE 399 at 9]. Therefore, the Motion is DENIED as to this issue.

  f.  <u>Fire Issues, Injuries, and Casualties Allegedly Caused by Theta II Engine Defects, Including but not Limited to, the 2018 Congressional Hearing of the Senate Committee on Commerce, Science and Transportation Concerning the Same</u>

The Court may allow very limited evidence and information about fire issues, injuries and casualties allegedly caused by the Theta II engine defects. The Court will determine the limited scope of this evidence and argument, if any, during the crucible of trial. The Court will not allow this evidence or testimony, if admitted at all, to become a major feature of the trial or take this case down a rabbit hole. Counsel are cautioned that the claims in this case do not involve fire issues, injuries, or casualties, and that, if any such evidence, testimony or argument is admitted, the Court will likely limit any such evidence, testimony or argument to that which is necessary to provide context to the pending claims and defenses. This issue is reserved for determination at trial.

However, any evidence or argument about the 2018 Congressional hearing shall be excluded as it is not relevant under FRE 401 and 402, and would only confuse the issues, mislead

the jury, cause undue delay, waste time, and unfairly prejudice HMA under a FRE 403 analysis. Therefore, the Motion is GRANTED IN PART AND DENIED IN PART as to this issue.

g. <u>Whistleblower Complaint of Kim Gwang-ho, Hyundai Quality Control Manager, and Related Allegations Concerning Theta II Engines</u>

After this Motion was filed, the parties filed a Joint Stipulation Regarding Certain Arguments and Evidence to Be Precluded at Trial, in Lieu of Motions in Limine [DE 355], which was then adopted and approved by the Court. [DE 360]. The parties agreed in that Joint Stipulation that no party shall seek to offer any argument or evidence concerning "[a]lleged retribution towards Kim Gwang-ho for whistleblowing, including corporate disciplinary measures and Hyundai complaint against him." [DE 355 at 1]. Therefore, this evidence clearly cannot come in during trial per the parties' agreement. However, Defendants may still seek court approval to raise an issue set forth in the Joint Stipulation if the door is opened by HMA as to this specific issue. It is possible that a party, counsel or witness may open the door to certain testimony or evidence, or that based on the conduct of the trial the court may revisit its decisions on proper motion or objection.

The Court next finds that broader argument and evidence regarding the whistleblower complaint is not relevant under FRE 401 and 402, and, even if marginally relevant, is excludable under FRE 403 on the bases stated above. This ruling is consistent with the Court's ruling in the Swanson Order [DE 399 at 10]. Thus, the Motion is GRANTED as to this issue.

h. <u>Any Other Purportedly Unlawful, Negligent, or Dishonest Conduct or Statements of Hyundai or HMA in Connection with Theta II Engine Issues and Any Investigations or Legal Actions or Proceedings Concerning the Same</u>

The Court cannot rule in a vacuum on such a vague and overbroad topic. The Court DENIES this portion of the Motion and will address any issues related thereto when and if specific, contemporaneous objections are lodged at trial.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that HMA's Omnibus Motion in Limine to Preclude Argument and Evidence Concerning Alleged HMA Misconduct in Connection with Theta II Engine Issues and Recalls, Including Argument and Evidence Concerning Third-Party Actions, Investigations, and Settlements Against HMA and Its Affiliates [DE 353] is **GRANTED IN PART AND DENIED IN PART**, as stated in this Order. All of the Court's rulings are without prejudice to the parties' ability to seek court permission outside the presence of the jury for this Court to reconsider any of its rulings in the event a party or counsel opens the door to such evidence or admitted testimony, evidence or the progress of the trial dictates. Further, any party may timely assert any proper, contemporaneous objections at the time of trial as to any of these issues. If any such objection is made at trial, the Court will rule on the issue at that time.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of November, 2022.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge