UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-82102-MATTHEWMAN

HYUNDAI MOTOR AMERICA
CORPORATION,

    Plaintiff,

vs.

EFN WEST PALM MOTOR SALES, LLC, *et al.*,

    Defendants.
_____/

## ORDER DENYING HMA'S AND HMC'S MOTION *IN LIMINE* RE SPOLIATION OF EVIDENCE [DE 354]

THIS CAUSE is before the Court upon Plaintiff Hyundai Motor America Corporation's ("HMA") and Third-Party Defendant Hyundai Motor Company's ("HMC") (collectively, "Hyundai") Motion *in Limine* re Spoliation of Evidence ("Motion") [DE 354]. Defendants, EFN West Palm Motor Sales, LLC d/b/a Napleton's West Palm Beach Hyundai, Edward W. Napleton, Gene Khaytin, Ernie Revuelta, Jorge Ruiz, and Geovanny Pelayo (collectively, "Defendants"), have filed a response to the Motion [DE 383], and Hyundai filed a reply [DE 402]. The Motion is now ripe for the Court's review.

### I.    The Court's Prior Order on Spoliation [DE 175]

On July 22, 2021, after conducting an evidentiary hearing, the Court entered its Order Granting in Part and Denying in Part Defendants' Motion for Spoliation Sanctions ("Spoliation Order") [DE 73]. The Court found that the three foundational elements for spoliation had been met

1

and that HMA had acted in bad faith. *Id.* at 18, 20. The Court then found that the following adverse inference jury instruction was warranted:

> ***The jury is to be instructed to presume that the lost engines were relevant and favorable to Defendants and unfavorable to Plaintiff, but that Plaintiff can attempt to rebut this presumption through its presentation of evidence, including expert testimony.***

*Id.* at 30 (emphasis added). The Court explained, "[t]hrough this carefully tailored sanction, the playing field is leveled and the prejudice to Defendants caused by the missing engines is sufficiently alleviated while Plaintiff's ability to benefit from the evidentiary problem created by its actions is lessened." *Id.* at 31. The Court did

> not find it appropriate to instruct the jury that there is no physical evidence that Defendants intentionally damaged a single engine. First, in light of the carefully tailored instruction allowed in the prior paragraph, Defendants can forcefully argue this point. Second, there may be other types of physical evidence admitted in this case, such as documents, and such an instruction as requested by Defendants could easily lead to jury confusion.

*Id.*

## II.    Motion, Response, and Reply

Hyundai now "moves to preclude Defendants from arguing, referring to, or mentioning Hyundai's alleged spoliation of Theta-II engines returned by EFN West Palm Motor Sales, LLC (Napleton #121), unless and until Defendants establish the engines that are the subject to the Court's Order Granting in Part and Denying in Part Defendants' Motion for Spoliation Sanction ECF No. 175 . . . are material and relevant evidence to Defendants' defenses." [DE 354 at 2]. Hyundai explains that it deposed Defendants' forensic engineering expert witness, Jeffrey Lange, on August 23, 2022, and he testified at that time that an engine that has been intentionally failed is indistinguishable from an engine that is the subject of recall failure. *Id.* at 3. In other words, Mr. Lange believes that the returned engines would not provide any evidence of intentional damage by

2

Defendants, as alleged by Hyundai. *Id.* Hyundai therefore argues that "Mr. Lange's opinion demonstrates that the unavailability of allegedly [sic] engines is both immaterial and irrelevant to Defendants' defenses and does not substantially prejudice to [sic] Defendants." *Id.* Hyundai contends that, "given that the testimony of Defendants' expert that the unavailable engines would not show physical evidence of intentional damage, the Court's order and the factual findings on which it has been based has [sic] been undermined." *Id.* at 6. Hyundai argues that it "will be severely prejudiced if Defendants refer, argue or attempt to introduce evidence of alleged spoliation prior to establishing the unavailable engine[s] are material and critical to its defense and that it has been prejudiced by their inability to examine them, as required by Eleventh Circuit precedent relied on by the Court." *Id.*

In response, Defendants argues that Hyundai "has dressed up a motion for reconsideration and presented it as a motion in limine. But it comes too late and with no new arguments or evidence." [DE 383 at 1]. Defendants point out the Lange deposition testimony cited in the Motion is from another case, *EFN W. Palm Motor Sales, LLC v. Hyundai Motor America*, Case No. 21-80348 (S.D. Fla.) ("Termination Case") and that Hyundai "stipulated to this case's Spoliation Order in the Termination Case and this Court ordered that 'the same adverse inference instruction should be entered in [the Termination Case].'" *Id.* at 2. Defendants assert that Hyundai has taken a small portion of Mr. Lange's deposition testimony out of context and has mischaracterized it. *Id.* at 4. Defendants also identify the overlap in the arguments in Hyundai's Motion and in its 2021 opposition to the spoliation sanctions motion. *Id.* at 5. According to Defendants, since the Motion is really a motion for reconsideration, it must fail since it is untimely and does not meet any of the required criteria for a motion for reconsideration. *Id.* at 10–15. Finally, Defendants maintain that

3

"[t]o avoid an adverse inference and jury instruction, Plaintiff contradicts its own expert. Smith has repeatedly contended that blown and non-blown engines are distinguishable." *Id.* at 15.

Attached to the response is the October 20, 2022 Declaration of Mr. Lange [DE 383-2]. He explains in the Declaration that he "gave no testimony that Mr. Eddleman's allegation could not be substantiated by inspection, testing, and analysis of engines that were not preserved by HMA." *Id.* at ¶ 4. He further explains that he "cannot agree or disagree that it could be possible to distinguish between a Theta II engine that failed due to a recall condition and a Theta II engine that failed due to fraud, as described by Mr. Eddleman in an engine that I have not had the opportunity to inspect and analyze. Mr. Smith, with his limited, primarily visual testing was unable to make such distinctions." *Id.* at ¶ 8. According to Mr. Lange, "it may be possible to determine, with a proper inspection that goes beyond how and what Mr. Smith reviewed, whether an engine has characteristics that are consistent or inconsistent with intentional engine destruction as described by Mr. Eddleman." *Id.* at ¶ 11. Mr. Lange also repeatedly states that his deposition testimony was taken out of context and that he did not testify about evidence that he did not see from engines that were not preserved. *Id.*

In reply, Hyundai argues that it is not seeking reconsideration of a Court Order but is instead asking the Court "to preclude Defendants from referring, arguing, or attempting to introduce evidence of alleged spoliation prior to establishing that the unavailable engines are critical to their defense and that they have been prejudiced by their inability to examine them." [DE 402 at 2]. Hyundai asserts that "Mr. Lange's deposition testimony now puts the Court's factual findings supporting spoliation sanctions in question. Accordingly, it is entirely proper for the Court to limit Defendants' [sic] from referring to the Order until the Court is satisfied that the materiality and prejudice elements have been properly established by Defendants, as required by Eleventh

Circuit precedent." *Id.* Hyundai requests that the Court ignore Mr. Lange's declaration and rely instead on his deposition testimony. *Id.* at 3. Hyundai also insists that Mr. Lange's "conclusory" and "vague" statements do not establish materiality or prejudice. *Id.*

### III.     Relevant Law

The Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984). Motions *in limine* are generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, No. 17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421, at *1 (M.D. Fla. 2014)). Motions *in limine* are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *United States v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *see also Contreras v. Aventura Limousine & Transp. Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."); *accord Apple, Inc. v. Corellium, LLC*, No. 19-cv-81160-Smith/Matthewman, 2021 WL 2712131 (S.D. Fla. July 1, 2021).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561,

1563 (S.D. Fla. 1992). Thus, federal courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1352 (S.D. Fla. 2010) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

### IV.   Analysis

The Court has carefully reviewed the Motion, response, and reply, the relevant case law, and the entire docket in this case. As the papers and attachments adequately explain the parties' positions, no hearing is necessary.

To the extent that the Motion is a belated motion for reconsideration in disguise, it must be denied. The Motion was filed on the eve of trial some 14 months after the Court's Spoliation Order was entered. Thus, it is untimely and improper. Next, Hyundai is not claiming that there was an intervening change in controlling law. Further, the Court explicitly finds that Hyundai has failed to establish (1) the availability of new evidence that actually has a bearing on the Court's prior decision or (2) the need to correct clear error or prevent manifest injustice for the following reasons.

First, Hyundai raised many of the same arguments in its opposition to the spoliation sanctions motion [DE 153], and the Court rejected them in the Spoliation Order.

Second, Hyundai stipulated to the same spoliation order in the Termination Case, so it is nonsensical and quite illogical for Hyundai to claim manifest injustice in this case.

Third, Hyundai inaccurately relies on snippets of Mr. Lange's deposition testimony from the Termination Case (not even this case) to argue, in effect, that the 144 engines it improperly

spoliated were not material or relevant evidence. The deposition testimony is not only from a different case, but it is also clearly taken out of context. Additionally, any testimony elicited from Mr. Lange at the second deposition could have been elicited from him at his earlier deposition.

Fourth, since the 144 engines were spoliated, Defendants' expert, Mr. Lange, could not examine them and their contents, including any possible contaminants within the engines.

Fifth, based on the Court's review of the parties' papers and the expert opinions of Mr. Smith and Mr. Lange, it is clear that the 144 engines constituted relevant and material evidence and that Defendants are prejudiced by their complete inability to examine the inside and outside of those engines. Defendants were precluded from testing those 144 engines through the improper actions of HMA.

To the extent that the Motion is a true motion *in limine*, it must be denied. The Court's prior ruling on spoliation sanctions was correct and there is thus no reason to exclude argument about, or reference to, Hyundai's spoliation of 144 Theta-II engines returned by EFN West Palm Motor Sales, LLC. For the same reasons provided above, Court finds no merit in Hyundai's position that Mr. Lange's deposition testimony now puts the Court's factual findings supporting spoliation sanctions in question.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Hyundai's Motion *in Limine* re Spoliation of Evidence [DE 354] is **DENIED.** The parties shall abide by the rulings in the Spoliation Order [DE 73] when drafting their jury instructions.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of November, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge