UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION



HYUNDAI MOTOR AMERICA CORPORATION,

        Plaintiff,

    v.

EFN WEST PALM MOTOR SALES, LLC,

        Defendant/Counterclaim
        Plaintiff/Third-Party Plaintiff

GENE KHAYTIN; ERNESTO REVUELTA;
EDWARD W. NAPLETON; GEOVANNY PELAYO,
JORGE RUIZ,

        Defendants.

EFN WEST PALM MOTOR SALES, LLC; for itself
and in the name of the Department of Highway Safety
and Motor Vehicles of the State of Florida, for its use
and benefit,

        Counterclaim-Plaintiff,

    v.

HYUNDAI MOTOR AMERICA CORPORATION,
Counterclaim-Defendant,

Case No. 9:20-cv-82102-WM

**COURT'S FINAL JURY
INSTRUCTIONS**

# CLOSING INSTRUCTIONS

## 1)   Closing Instruction Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

---

## 2)     <u>The Duty to Follow Instructions – Corporate Party Involved</u>

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

_____

**3)** **Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**4)**    <u>**Credibility of Witnesses**</u>

When I say you must consider all the evidence, I don't mean that you must

accept all the evidence as true or accurate. You should decide whether you believe

what each witness had to say, and how important that testimony was. In making that

decision you may believe or disbelieve any witness, in whole or in part. The number

of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a

few questions:

1.    Did the witness impress you as one who was telling the truth?

2.    Did the witness have any particular reason not to tell the truth?

3.    Did the witness have a personal interest in the outcome of the case?

4.    Did the witness seem to have a good memory?

5.    Did the witness have the opportunity and ability to accurately observe
      the things he or she testified about?

6.    Did the witness appear to understand the questions clearly and answer
      them directly?

7.    Did the witness's testimony differ from other testimony or other
      evidence?

_____

**5)** <u>**Impeachment of Witnesses Because of Inconsistent Statements**</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

———————————————

**6)**   <u>**Expert Witness**</u>

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**7)**      <u>**Supplemental Expert Instruction**</u>

Defendants' expert, Ted Stockton, testified that he did not stop his analysis in May 2020, which is when Hyundai's expert, Jim Smith, stopped his analysis. Mr. Smith stopped his analysis in May 2020 because this Court ordered Hyundai to present no evidence of fraud, liability, or damages after June 9, 2020. That's the date when Hyundai knew that it had a duty to preserve all engines returned by West Palm. The Court issued that second spoliation order on December 29, 2022.   This spoliation order, however, did not apply to Mr. Stockton.

**8)**     **<u>Official English Translation/Interpretation</u>**

You have heard testimony in Spanish during this trial.

You must consider evidence provided through only the official court interpreters/translators. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English translation provided and disregard any different meaning.

_____

## 9) Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence

With regard to Hyundai's affirmative case against the Defendants, it is Hyundai's responsibility to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Hyundai's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Hyundai.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Hyundai's claims by a preponderance of the evidence, you should find for Defendants as to that claim.

## 10)   <u>Responsibility for Proof – Affirmative Defense Preponderance of the Evidence</u>

In this case, the Defendants have asserted an affirmative defense. Even if Hyundai proves its claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove the affirmative defense by a preponderance of the evidence.

I caution you that the Defendants do not have to disprove Hyundai's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

**11)** <u>**Adverse Jury Instruction**</u>

The term "spoliation" refers to when one party has deliberately, negligently, or accidentally lost, destroyed, or failed to preserve relevant evidence for use in pending or reasonably foreseeable litigation.

In this case, one of the pieces of evidence that Hyundai or Defendants could have offered to support the existence or absence of fraud would have been the engines that Defendants returned to Hyundai as part of the warranty process. In other words, inspection of those engines could have helped determine whether or not they were intentionally damaged by Defendants, as Plaintiff contends, or whether they were actually defective, as Defendants contend. However, we don't have those engines because they were improperly lost, destroyed, and spoliated due to Hyundai's failure to preserve them.

The Court has already twice determined, as a matter of law, that Hyundai spoliated engines that were returned to it by Defendant West Palm. Hyundai's spoliation continued as to additional engines even after the Court ruled the first time that Hyundai had spoliated certain engines.

Hyundai's duty to preserve the engines arose on June 9, 2020.

Hyundai failed to preserve hundreds of engines returned by Defendants between June 9, 2020 and December 31, 2021.

As a result, Defendants lost the ability to examine those engines.

11

Therefore, you must accept the following facts as true:

1) Hyundai had a clear legal duty to preserve all of the hundreds of Theta II engines that it received from Defendants from June 9, 2020 through December 31, 2021;

2) Hyundai improperly lost, destroyed, and spoliated all of the hundreds of Theta II engines it received from Defendants from June 9, 2020 through December 31, 2021.

As a result, you must presume that inspection and examination of all of those hundreds of Theta II engines would have been favorable to Defendants and unfavorable to Hyundai in this lawsuit.

**12)**   <u>**Fraud by False Statement– Elements**</u>

Hyundai's first cause of action is a claim for fraud. The issues for you to decide on Hyundai's claim for fraud are: First, whether each Individual Defendant made a false statement concerning a material fact. In addition to an intentional false statement about a material fact, fraud may also be based on an omission of material fact, if the Defendant is under a duty to disclose the material fact to Hyundai and certain additional elements are met, upon which I will advise in a moment; Second, whether each Individual Defendant knew the statement was false when he made it or made the statement knowing he did not know whether it was true or false; Third, whether each Individual Defendant intended that Hyundai would rely on the false statement; Fourth, whether Hyundai relied upon an Individual Defendant's false statement; and, if so, Fifth, whether the Individual Defendant's false statement was a legal cause of loss/damage to Hyundai.

On this claim for fraudulent misrepresentation, Hyundai may rely on a false statement, even though its falsity could have been discovered if Hyundai had made an investigation. However, Hyundai may not rely on a false statement if it knew it was false or its falsity was obvious to it.

As I noted earlier, in addition to an intentional false statement about a material fact, fraud may also be based on an omission of material fact, provided certain elements are met. Fraud by omission is fraud by means of a failure to disclose a

material fact—rather than by means of an affirmative misrepresentation—in the face of a duty to disclose that fact to the plaintiff. Fraudulent concealment is fraud by means of actively concealing a material fact in the face of a duty to disclose that fact to the plaintiff.

To prove fraud by omission/concealment, Hyundai must establish the same elements as a claim based on an affirmative misrepresentation (see above), as well as prove the following: the Individual Defendant acted in bad faith; and the Individual Defendant had a duty to speak.

The scenarios which may give rise to a duty to speak include: (a) one party to a transaction who speaks has a duty to say enough to prevent his words from misleading the other party; (b) one party to a transaction who has special knowledge of material facts to which the other party does not have access may have a duty to disclose those facts to the other party; (c) one party to a transaction who stands in a confidential or fiduciary relation to the other party to a transaction has a duty to disclose material facts.

---

**13)**   <u>**Material Fact**</u>

A material fact is one that is of such importance that Hyundai would not have entered into the transaction, but for the false statement.  In this case, that means Hyundai would not have made payment to West Palm but for the alleged false statements or omissions.

**14)**   <u>**Legal Cause**</u>

Misrepresentation of a material fact is a legal cause of loss/damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss/damage, so that it can reasonably be said that, but for the misrepresentation, the loss/damage would not have occurred.

———————————————

**15)** <u>**Racketeer Influenced and Corrupt Organization Act (RICO – 18 U.S.C.**</u>
<u>**§ 1962(c) – Conduct the Affairs of the Enterprise**</u>

Hyundai's second cause of action is a claim against each Defendant for allegedly violating the Racketeer Influenced and Corrupt Organizations Act, commonly known as RICO. Hyundai specifically claims that each Defendant violated § 1962(c) of RICO.

To succeed on this claim, Hyundai must prove each of the following five facts by a preponderance of the evidence:

First, you must find the existence of an enterprise.

Second, you must find that the enterprise engaged in, or had some effect on, interstate or foreign commerce.

Third, you must find that each Defendant was employed by or associated with the alleged enterprise.

Fourth, you must find that each Defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise.

And fifth, you must find that each Defendant participated through a pattern of racketeering activity.

Now I'll provide you with some additional instructions to apply as you consider the facts that Hyundai must prove.

For the first element, Hyundai must prove the existence of an enterprise. An "enterprise" doesn't have to be a legal entity. It can be an association of persons or

entities associated together for a common purpose of engaging in a particular course of criminal conduct. In this case, the enterprise is alleged to consist of the Defendants. The association between the enterprise's members might be loose or informal. But the enterprise must have at least a purpose, relationships among those associated with the enterprise, and a duration sufficient to permit those associates to pursue the enterprise's purpose.

For the second element, Hyundai must prove that the enterprise engaged in or had an effect on interstate or foreign commerce. "Engage in or have an effect on interstate or foreign commerce" means that the enterprise either engaged in, or had an effect on commerce between two or more states, or on commerce between a state and a foreign country.

For the third element, Hyundai must prove that each Defendant was employed by or associated with the alleged enterprise. The requirement that each Defendant be "employed by or associated with" the enterprise means he/it must have some minimal association with the alleged enterprise. Each Defendant must know something about the alleged enterprise's activities as they relate to the racketeering activities.

For the fourth element, Hyundai must also prove by a preponderance of the evidence that each Defendant "participated, directly or indirectly, in the conduct of the affairs of the enterprise." To prove this, Hyundai must show that each Defendant actively

conducted or participated in conducting the affairs of the alleged enterprise through a pattern of racketeering activity. This requires proof that each Defendant participated in the operation or management of the enterprise itself. Each Defendant doesn't need to participate in, or be aware of, all of the enterprise's activities. It's sufficient if each Defendant conducted or participated in the conduct of some of the enterprise's activities through a pattern of racketeering activity..

For the fifth element, Hyundai must prove that each Defendant participated in the conduct of the enterprise's affairs through a pattern of racketeering activity. "Racketeering activity" is an act that violates 18 U.S.C. § 1343, which concerns wire fraud. I'll explain the law about this statute in a moment to help you determine whether Hyundai proved by a preponderance of the evidence that each Defendant violated this statute. An act of "racketeering activity" is also called a "predicate act."

A "pattern of racketeering activity" means that each Defendant committed at least two distinct predicate acts. Distinct does not have to mean different types. But by itself, proof of two or more predicate acts doesn't establish a pattern under RICO.

To prove a pattern of predicate acts, Plaintiff must show that the acts were related to one another and to the enterprise. Two or more acts of racketeering activity that aren't related don't establish a pattern of racketeering activity under RICO. Predicate acts are "related" to one another if they have the same or similar purposes,

results, participants, victims, or methods. Predicate acts are also related if they have common distinguishing characteristics and aren't isolated events.

To make up a pattern of racketeering activity, predicate acts must demonstrate continuity. Continuity can be demonstrated by demonstrating related predicate acts extending over a substantial period of time.

Again, "racketeering activity" means an act that violates 18 U.S.C. § 1343, which I will define in a moment. But you can't consider just any racketeering act a Defendant allegedly committed in violation of one of these statutes as bearing on whether another Defendant has committed two or more predicate acts as a pattern of racketeering activity. To determine if there is a pattern of racketeering activity, you must consider only those specific racketeering acts Hyundai alleges against each Defendant. And you can't find that each Defendant engaged in a "pattern of racketeering activity" unless you unanimously agree on which of the alleged predicate acts, if any, make up the pattern.

So it's insufficient if you don't all agree to the finding of what two or more predicate acts each Defendant committed. Some of you can't find that the predicate acts are A, B, and C and the rest of you find that the predicate acts are X, Y, and B. Put another way, you can't find that each Defendant has engaged in a pattern of racketeering activity unless you find (1) a "pattern" of predicate acts, and (2) that Hyundai has proved by a preponderance of the evidence that each Defendant

committed each of the two or more predicate acts that you find make up that pattern.

A person doesn't violate RICO just by associating with or being employed by an otherwise lawful enterprise if others conduct the enterprise's affairs through a pattern of racketeering activity in which the person isn't personally engaged.

If you find that each Defendant violated § 1962(c), you must decide whether that violation caused an injury to Hyundai. The damages that Hyundai may recover are those caused by the predicate acts constituting the pattern of racketeering activity if they injure Hyundai or its business or property. It isn't necessary that every predicate act caused damage to Hyundai. But it can only recover damages caused by predicate acts that are part of the pattern of racketeering activity.

———————————————

**16)**  <u>**Elements of Wire Fraud**</u>

A moment ago, I explained that the predicate acts Hyundai has alleged are violations of 18 U.S.C. § 1343, which prohibits the use of interstate wire communications to carry out a scheme to defraud someone else.  The term "wire communications" includes communications that took place over the internet.

To establish wire fraud occurred, Hyundai must have shown the following by a preponderance of the evidence:

(1)    each Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2)   the false pretenses, representations, or promises were about a material fact;

(3)    each Defendant acted with the intent to defraud; and

(4)    each Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is

made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

Hyundai doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that each Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate predicate.

---

**17)**  <u>**Racketeer Influenced and Corrupt Organization Act (RICO) – 18** U.S.C.
**1962(d) – Conspiracy to Conduct the Affairs of the Enterprise**</u>

Hyundai's third cause of action is a claim against each Defendant for allegedly

violating the Racketeer Influenced and Corrupt Organizations Act, commonly

known as RICO.

Hyundai specifically claims that each Defendant violated RICO § 1962(d) by

conspiring to violate RICO § 1962(c). I've already given you instructions on the

elements of a violation of § 1962(c). Now you must decide if Hyundai has proved

by a preponderance of the evidence whether two or more of the Defendants engaged

in a conspiracy to violate RICO § 1962(c).

Generally, a RICO "conspiracy" is an agreement by two or more people to

commit an unlawful act. Put another way, it's a kind of partnership for illegal

purposes. Every member of the conspiracy becomes the agent or partner of every

other member. Hyundai doesn't have to prove that all the people named in the

complaint were members of the conspiracy – or that those who were members made

any kind of formal agreement. The heart of the conspiracy is the making of the

unlawful plan itself. And Hyundai doesn't have to prove that the conspirators were

successful in carrying out the plan.

To prove a RICO conspiracy, Hyundai must prove each of the following

three facts by a preponderance of evidence:

First, you must find that two or more people agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity.

And second, you must find that a Defendant agreed to the overall objective of the conspiracy.

Or, as an alternative to the second element, you must find that a Defendant agreed with at least one other Defendant to commit two predicate acts as part of the conspiracy.

Hyundai may show an "agreement to the overall objective of the conspiracy" by circumstantial evidence that a Defendant must have known that others were also conspiring to participate in the same enterprise through a pattern of racketeering activity. If Hyundai proves agreement on an overall objective, then it isn't necessary that a Defendant agree to personally commit two predicate acts.

A Defendant can also engage in a RICO conspiracy even if that Defendant didn't agree to the conspiracy's overall objective. It's enough that that Defendant engaged in a part of the conspiracy with at least one other Defendant by committing at least two predicate acts – alone or with someone else.

While the essence of a RICO conspiracy is an agreement to further an endeavor that, if completed, would satisfy all the elements of a substantive RICO violation, Hyundai doesn't have to offer direct evidence of an agreement. The conspiracy's existence can be inferred from the participants' conduct. But a

Defendant must objectively manifest, through words or actions, that Defendant's agreement to participate in the enterprise's affairs.

Hyundai doesn't have to show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated the details of the scheme, its object, or purpose, or the precise means by which the object or purpose was to be accomplished. Hyundai also doesn't have to establish that all the means or methods alleged to carry out the alleged conspiracy were, in fact, agreed on, or that all the means or methods that were agreed on were actually used or put into operation. And Hyundai doesn't have to prove that all persons alleged to be conspiracy members were actually members or that alleged conspirators succeeded in accomplishing their unlawful objectives.

But it isn't enough if the evidence shows only that the alleged conspirators agreed to commit the acts of racketeering Hyundai alleges, without more, or that they agreed to participate in the affairs of the same alleged enterprise. It doesn't matter that the alleged conspirators participated in the conduct of the affairs of the alleged enterprise through different or dissimilar acts of racketeering activity so long as the alleged racketeering acts would – if actually committed – create a "pattern of racketeering activity" as I've defined it.

A Defendant can become a member of a conspiracy without knowing all the unlawful scheme's details or without knowing the names and identities of all the

other alleged conspirators. If Hyundai proves by a preponderance of the evidence that a particular Defendant has knowingly joined the alleged conspiracy, it doesn't matter that each Defendant may not have participated in the alleged conspiracy or scheme's earlier stages.

Mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, doesn't necessarily prove the existence of a conspiracy. A person who doesn't have knowledge of a conspiracy, but who happens to act in a way that advances some object or purpose of conspiracy, doesn't become a conspirator.

Hyundai doesn't have to prove that a Defendant actually committed any of the acts that Defendant may have agreed to commit to establish his/its membership in the conspiracy.

To determine whether there was a conspiracy, you must consider all the evidence in the case. If you find that there was a conspiracy, then you can attribute the statements or acts of each of the co-conspirators to each Defendant. If you find that there was not a conspiracy, then you can't attribute the statements or acts of each of the alleged co-conspirators to each Defendant.

If you find the conspiracy didn't exist, then you must find for each Defendant. But if you're satisfied that the conspiracy existed, you must determine who the

members of the conspiracy were.

If you find that a particular Defendant is a member of another conspiracy, but not the one Hyundai charged, then you can't find that Defendant liable in this case. Put another way, you can't find that a Defendant violated § 1962(d) unless you find that that Defendant was a member of the conspiracy charged – not some other separate conspiracy.

If you decide that a Defendant conspired to violate RICO, you must decide whether that conspiracy caused Hyundai injury. The damages Hyundai may recover are those caused by the predicate acts committed by members of the conspiracy that injured Hyundai in its business or property.

If you conclude that a Defendant joined in a conspiracy to violate RICO, that Defendant is responsible for all damages caused by predicate acts committed by members of the conspiracy that caused injury to Hyundai. It isn't necessary that every predicate act caused damage to Hyundai, but Hyundai can only recover for damages caused by a predicate act committed by a conspiracy member.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed. If you conclude that a conspiracy existed as alleged, you should next determine whether each Defendant under consideration willfully became a member of that conspiracy.

**18)**   <u>**Civil Conspiracy**</u>

Hyundai's fifth cause of action is against each of the Individual Defendants for civil conspiracy. In this case, Hyundai alleges that the individual Defendants Khaytin, Revuelta, Edward W. Napleton, Pelayo, and Ruiz conspired to defraud Hyundai by intentionally destroying engines of Hyundai vehicles and submitting fraudulent warranty claims to Hyundai.

In order to prevail on this claim, Hyundai must prove each of the following elements, for each Individual Defendant, by a preponderance of the evidence:

(1)   an agreement between two or more of the Individual Defendants;

(2)   to do an unlawful act or to do a lawful act by unlawful means;

(3)   the doing of some overt act in pursuance of the conspiracy; and

(4)   damages to Hyundai as a result of the acts done under the conspiracy.

Each co-conspirator need not act to further the conspiracy; each need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his co-conspirators. However, mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, doesn't necessarily prove the existence of a conspiracy. A person who doesn't have knowledge of a conspiracy, but who happens to act in a way that advances some object or purpose of the conspiracy, doesn't

29

become a conspirator.

---

**19)** <u>**Civil Conspiracy—Independent Wrong or Tort** Required</u>

The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff. Thus, a cause of action for civil conspiracy exists in the present case only if the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person.

**20)**    **<u>Affirmative Defense—Unclean Hands</u>**

If you find that Hyundai has failed to prove its claims under these instructions, your verdict will be for Defendants.  On the other hand, if you find that Hyundai has proven any of its claims, you must then consider Defendants' affirmative defense.

Defendants assert the affirmative defense of unclean hands. A party will have "unclean hands" where the party has committed an unconscionable act or engaged in reprehensible conduct that is directly related to the claims it has asserted.

In order to prevail on this defense, Defendants must prove by a preponderance of the evidence (1) that Hyundai committed an unconscionable act or engaged in reprehensible conduct that is directly related to the claims it has asserted; and (2) that Defendants were personally injured by such conduct.  Defendants specifically allege that Hyundai acted with unclean hands by conducting a botched recall of the Theta II engine that included a flawed test.  If you find Defendants have proven their unclean hands affirmative defense by a preponderance of the evidence, then you may deny Hyundai relief on that ground.

**21)**   <u>**Compensatory Damages**</u>

If you find that Defendants are not liable, you need not give any consideration to the issue of damages. If you find Defendants liable on any of Hyundai's claims, I instruct you as follows with regard to damages.

If you find for Hyundai on one or more of its causes of action against one or more of the Defendants, you will then consider the amount of money damages to be awarded to Hyundai. In that respect you should award Hyundai an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the acts committed against it by the Defendant or Defendants that you have found to be liable. In considering the issue of Hyundai's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Hyundai's damages, no more and no less. Keep in mind that in tort actions, such as this, the goal is to restore the injured party to the position it would have been in had the wrong not been committed. A defrauded party is entitled to the measure of damages that will fully compensate him. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.  However, you are permitted to make a just and reasonable estimate of the amount of compensatory damages that is based

on relevant data presented to you during trial.

23)   **Punitive Damages**

There is an additional claim in this case that you must decide in regard to the Individual Defendants. If you find for Hyundai and against one or more individual Defendants, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to one or more of the Individual Defendants and as a deterrent to others.

Hyundai claims that punitive damages should be awarded against each of the Individual Defendants for his conduct in regard to Hyundai's causes of action for fraud and civil conspiracy. Punitive damages are warranted against Defendant if you find by clear and convincing evidence that one or more of the Individual Defendants was guilty of intentional misconduct or gross negligence, which was a substantial cause of loss or damage to Hyundai. Under those circumstances you may, in your discretion, award punitive damages against such individual Defendant or Defendants. If clear and convincing evidence does not show such conduct by an Individual Defendant, punitive damages are not warranted against that Individual Defendant.

"Intentional misconduct" means that an individual Defendant had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to Hyundai and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence"

means that an Individual Defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "preponderance of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Hyundai's claim is more likely true than not true.

If you decide that punitive damages are warranted against one or more of the Individual Defendants then you must decide the amount of punitive damages, if any, to be assessed as punishment against that Defendant and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should decide any disputed factual issues by the preponderance of the evidence.

In determining the amount of punitive damages, if any, to be assessed, you should consider the following:

(1)    the nature, extent and degree of misconduct and the related circumstances, including the following:

    (A)    whether the wrongful conduct was motivated solely by unreasonable financial gain;

    (B)    whether, at the time of loss/damage, the Individual Defendant had a specific intent to harm Hyundai and the conduct of the Individual Defendant did in fact harm Hyundai;

    (C)    the total punishment the Defendant has or will probably receive

from other sources, as a mitigating factor; and

    (D)    the financial resources of any Defendant, as a factor.

You may in your discretion decline to assess punitive damages. You may assess punitive damages against one Defendant and not the others or against more than one Defendant. Punitive damages may be assessed against different Defendants in different amounts.

## COUNTERCLAIMS BY DEFENDANT EFN WEST PALM

### 24)    Responsibility for Proof—West Palm's Counterclaims

Now I will turn to the Counterclaims in this case.  For West Palm's counterclaims against Hyundai, West Palm has brought three claims against Hyundai under the Florida Dealer Act. For those three claims, West Palm has the initial burden to make a prima facie showing that Hyundai has committed a violation of the statute.  "Prima facie" means a showing that alone is sufficient to establish the existence of a fact or facts, without considering any evidence in the case that leads to a different or contrary conclusion. It is a lower burden than preponderance of the evidence.

If West Palm does not make an initial showing, then West Palm has failed to prove its claims and you must find in favor of Hyundai.  However, if you find that West Palm has made a prima facie showing that Hyundai has violated the statute, then Hyundai has the burden to prove by a preponderance of the evidence that such a violation did not occur.

If Hyundai does not prove by a preponderance of the evidence that no violation of the Florida Dealer Act occurred, then you should find for West Palm. However, if you find that Hyundai has proven by a preponderance of the evidence that a violation of the Florida Dealer Act did not occur, you should find for Hyundai as to that claim.

In deciding whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

Because more than one claim is involved, you should consider each claim separately.

**25)** <u>**Counterclaim I – Section 320.64(18), Fla. Stat.**</u>

§ 320.64(18) regulates how Hyundai allocates and distributes new motor vehicles to its dealers.  Under the Florida Dealer Act, it is a violation for Hyundai to establish an allocation system that is unfair, inequitable, unreasonably discriminatory, or not supportable by reason and good cause after considering the equities of West Palm. A system of allocation in the automotive industry is a system which determines how many vehicles a manufacturer/distributor will offer a dealer or how many vehicles a dealer is entitled to receive from the manufacturer.

An allocation system is unfair if Hyundai refuses or fails to offer West Palm an equitable supply of new vehicles by model, mix or colors offered to other dealers in the state. West Palm claims that Hyundai has violated this statute. Hyundai denies West Palm's claims. West Palm must make a prima facie showing that:

(1) Hyundai has established a system of motor vehicle allocation;

(2) Hyundai's established system of allocation is unfair, inequitable, unreasonably discriminatory, or not supportable by reason and good cause after considering the equities of the affected motor vehicle dealer; and

(3) that West Palm suffered pecuniary loss or has been otherwise adversely affected by Hyundai's violation of the statute.

If you find that West Palm has made a prima facie showing that Hyundai violated Fla. Stat. Ann. § 320.64(18), then Hyundai has the burden to prove that such

a violation did not occur by a preponderance of the evidence.

If you believe Hyundai established a system of vehicle allocation that is unfair, inequitable, unreasonably discriminatory, or not supported by reason and good cause, then you must find in favor of West Palm and consider the matter of damages. However, if you find Hyundai's system of vehicle allocation is fair, equitable, and is supported by reason and good cause, or that Hyundai did not unreasonably discriminate against West Palm, then you must find in favor of Hyundai.

<u>DAMAGES FOR WEST PALM'S COUNTERCLAIM I</u>

If you find for Hyundai on this Count, you will not consider the matter of damages. But if you find for West Palm, you should award West Palm an amount of money that the greater weight of the evidence shows will fairly and adequately compensate West Palm for its damages.

West Palm is entitled to recover its pecuniary losses arising from Hyundai's unfair and inequitable system of allocation of new motor vehicles. Pecuniary losses are the amounts of money that directly flow from Hyundai's violation of the Florida Dealer Act, including lost profits, as long as West Palm established the amount of those pecuniary losses with a reasonable degree of certainty.

Pursuant to § 320.697 of the Florida Dealer Act, once you have determined the amount of West Palm's total pecuniary losses, if any, the amount you must award

West Palm is three times its total pecuniary losses.

**26)** <u>**Counterclaim II – Section 320.64(19), Fla. Stat.**</u>

§ 320.64(19) regulates the supply of vehicles that Hyundai provides to its motor vehicle dealers. The statute provides that Hyundai is prohibited from delaying, refusing, or failing to provide a supply of motor vehicles by series in reasonable quantities, including the models publicly advertised by Hyundai as being available, to West Palm. However, this subsection is not violated if such failure is caused by acts or causes beyond the control of Hyundai.

West Palm contends that Hyundai failed to provide it reasonable quantities of motor vehicles without good and fair cause and not for reasons or causes beyond Hyundai's control. Hyundai disagrees and believes it provided reasonable quantities of motor vehicles to West Palm and, to the extent it did not, any such failure was caused by acts or causes beyond Hyundai's control.

If you find that West Palm has made a prima facie showing that Hyundai has violated Fla. Stat. Ann. § 320.64(19), then Hyundai has the burden to prove that such a violation did not occur by a preponderance of the evidence.

If you find that Hyundai failed to prove either that it provided reasonable quantities of motor vehicles to West Palm, or that Hyundai failed to prove that its delay, refusal or failure to provide reasonable quantities of motor vehicles to West Palm was supported by good and fair cause or due to acts or causes beyond Hyundai's control, then you must find for West Palm.

43

However, if you find that Hyundai has proven by a preponderance of the evidence that its delay, refusal, or failure to provide vehicles in reasonable quantities to West Palm was supported by good and fair cause or due to acts or causes beyond Hyundai's control, then you must find for Hyundai.

<u>DAMAGES FOR WEST PALM'S COUNTERCLAIM II</u>

If you find for Hyundai on this Count, you will not consider the matter of damages. But if you find for West Palm, you should award West Palm an amount of money that the greater weight of the evidence shows will fairly and adequately compensate West Palm for its damages.

West Palm is entitled to recover its pecuniary losses arising from Hyundai's failure to provide a supply of motor vehicles by series to West Palm in reasonable quantities if the failure was not supported by good and fair cause or not due to acts or causes beyond Hyundai's control. Pecuniary losses are the amounts of money that directly flow from Hyundai's violation of the Florida Dealer Act, including lost profits, as long as West Palm established the amount of those pecuniary losses with a reasonable degree of certainty.  Pursuant to § 320.697, once you have determined the amount of West Palm's total pecuniary losses, if any, the amount you must award West Palm is three times its total pecuniary losses.

**27)**   **Counterclaim III – Section 320.64(22), Fla. Stat.**

§ 320.64(22) regulates the supply of vehicles that Hyundai provides to its motor vehicle dealers pursuant to the dealer sales and service agreement. The statute precludes Hyundai from refusing to deliver, in reasonable quantities and within a reasonable time, to West Palm any such motor vehicles  covered by the parties' Dealer Sales and Service Agreement. Such refusal includes the failure to offer to its same line-make franchised motor vehicle dealers all models manufactured for that line-make or requiring a dealer to pay any extra fee. However, the failure to deliver any motor vehicle will not be considered a violation of this section if the failure is due to an act of God, work stoppage, or delay due to a strike or labor difficulty, a freight embargo, product shortage, or other cause over which Hyundai has no control.

West Palm contends that Hyundai has refused to deliver, in reasonable quantities and within a reasonable time, new motor vehicles to West Palm as required by the parties' Dealer Sales and Service Agreement. West Palm alleges that Hyundai's refusal to deliver new motor vehicles to West Palm is not due to an act of God, work stoppage, or delay due to a strike or labor difficulty, a freight embargo, product shortage, or other cause over which Hyundai has no control. Hyundai disagrees and believes it has provided reasonable quantities of motor vehicles to West Palm within a reasonable time as required by the parties' Dealer Sales and

Service Agreement.  To the extent that Hyundai has not, Hyundai argues that any such failure is due to an act of God, work stoppage, or delay due to a strike or labor difficulty, a freight embargo, product shortage, or other cause over which Hyundai has no control.

If you find that West Palm has made a prima facie showing that Hyundai violated Fla. Stat. Ann. § 320.64(22), then Hyundai has the burden to prove that such a violation did not occur by a preponderance of the evidence.

If you believe Hyundai refused to deliver, in reasonable quantities and within a reasonable time, new motor vehicles to West Palm, and that any such refusal was not due to an act of God, work stoppage, or delay due to a strike or labor difficulty, a freight embargo, product shortage, or other cause over which Hyundai has no control, then you must find in favor of West Palm and consider the matter of damages. However, if you find Hyundai did deliver, in reasonable quantities and within a reasonable time, new motor vehicles to West Palm, as allowed by circumstances within Hyundai's control, or that any such failure was due to an act of God, work stoppage, or delay due to a strike or labor difficulty, a freight embargo, product shortage, or other cause over which Hyundai has no control, then you must find in favor of Hyundai.

<u>DAMAGES FOR WEST PALM'S COUNTERCLAIM III</u>

If you find for Hyundai on this Count, you will not consider the matter of

damages. But if you find for West Palm, you should award West Palm an amount of money that the greater weight of the evidence shows will fairly and adequately compensate West Palm for its damages.

West Palm is entitled to recover its pecuniary losses arising from Hyundai's failure to provide a supply of motor vehicles by series to West Palm in reasonable quantities. Pecuniary losses are the amounts of money that directly flow from Hyundai's violation of the Florida Dealer Act, including lost profits, as long as West Palm established the amount of those pecuniary losses with a reasonable degree of certainty.  Pursuant to § 320.697, once you have determined the amount of West Palm's total pecuniary losses, the amount you must award West Palm is three times its total pecuniary losses.

**28)** <u>**Duty to Deliberate**</u>

Of course, the fact that I have given you instructions concerning the issue of Hyundai's damages on their claims, and West Palm's damages on their counterclaims against Hyundai, should not be interpreted in any way as an indication that I believe that Hyundai should, or should not, prevail in its affirmative case against the Defendants, or that I believe that West Palm should or should not prevail on its counterclaims against Hyundai.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**29)**   <u>**Election of Foreperson/Explanation of Verdict Form**</u>

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of January, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge